FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> BREMMER CONSTRUCTION, INC., JOHN BRYANT, and JEANNIE BRYANT, <br><br> Defendants. | No. 2:25-CV-00367-RLP <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT |

Before the Court is Plaintiff's Progressive Casualty Insurance Company's (Progressive) Motion for Default Judgment. ECF No. 9. The Court has considered the record and is fully informed. No Defendant has appeared or otherwise participated in the pending action, and no Defendant has responded to the Order of Default issued by the Clerk of Court on February 27, 2026. ECF No. 8. For the reasons discussed below, the Court grants the Motion.

//

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT * 1

## BACKGROUND

The following facts are taken from Progressive's Complaint.

Progressive issued Defendants John and Jeannie Bryant an auto liability policy (the "Policy"). ECF No. 1, ¶7. Under the Policy, Progressive agreed to pay damages for which an "insured person" became legally responsible for because of an accident. *Id.*, ¶13. The Policy defined "Insured person" to mean the policy holders with respect to an accident arising out of the use of an "auto." *Id.*, ¶14. In turn, the Policy defined "auto" as:

> "Auto" means a land motor vehicle:
> a. of the private passenger, pickup body, or cargo van type;
> b. designed for operation principally upon public roads;
> c. with at least four wheels; and
> d. with a gross vehicle weight rating of 12,000 pounds or less, according to the manufacturer's specifications.

*Id.*, ¶15.

On or about August 16, 2023, the Bryants and Defendant Bremmer Construction, Inc. were sued in Washington state court. *Id.*, ¶8. The state court lawsuit alleges Mr. Bryant drove a 1995 Peterbilt semi-truck involved in an accident. *Id.*, ¶9. The truck weighs at least 33,000lbs, and is not of the private passenger, pickup body, or cargo van type. *Id.*, ¶¶17-18.

Defendants tendered the state court lawsuit to Progressive, who agreed to defend them with a reservation of rights. *Id.*, ¶¶10-11. Progressive then filed the instant action for declaratory judgment, seeking a declaration that it has no duty to

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT * 2

defend or indemnify Defendants as the vehicle involved in the accident does not qualify as an "auto" under the Policy. *Id*., ¶¶19-25.

Progressive filed the instant Complaint on September 18, 2025. ECF No. 1. Proofs of Service on Defendants were filed on December 12, 2025. ECF Nos. 4, 5. Progressive filed its motion for Entry of Default on February 20, 2026, ECF No. 6, and an Order of Default was entered on February 27. ECF No. 8. Progressive now moves for default judgment against all Defendants. ECF No. 9.

## LEGAL STANDARD

Obtaining a default judgment is a two-step process. *See* FRCP 55. First, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default. FRCP 55(a). Second, once the clerk has entered default against a party, the moving party may seek default judgment. FRCP 55(b). When the claim is for non-monetary relief, the moving party must move the court for entry of default judgment. FRC{ 55(b)(2). The decision to grant default judgment lies within the discretion of the court. *PepsiCo. Inc. v. Cal Sec. Cans*, 238 F. Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)). In deciding whether default judgment is appropriate, the court may consider the following factors: (1) possibility of prejudice to the plaintiff; (2) merits of the plaintiff's substantive claim; (3) sufficiency of the complaint; (4) sum of money at stake in

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT * 3

the action; (5) possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Once the clerk enters default against a party, the well-pleaded allegations of the complaint are taken as true, except for allegations related to damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Furthermore, allegations are only true as to those defaulting defendants. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1000 (N.D. Cal 2001).

## DISCUSSION

Progressive moves for default judgment, seeking declaratory relief that it has no duty to defend or indemnify Defendants.

### A.    Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" to "determine whether it has the power . . . to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).

Where an insurer seeks a declaration that it does not owe a duty to defend or indemnify under an issued insurance policy, the amount in controversy for

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT * 4

purposes of establishing diversity jurisdiction is the value of the underlying tort action. *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).

> 1.     *Subject Matter Jurisdiction*

Subject matter jurisdiction is proper under 28 U.S.C. § 1332. Progressive is a foreign insurer organized under the laws of Ohio with a principal place of business in Ohio. ECF No. 1, ¶1. Bremmer Construction, Inc. is a business organized under the laws of Washington with a principal place of business in Washington. *Id.*, ¶2. The Bryants are residents of Wenatchee, Washington. *Id.*, ¶3. Progressive alleges the amount in controversy exceeds $75,000. *Id.*, ¶5.

> 2.     *Personal Jurisdiction*

The Court finds an adequate basis to exercise personal jurisdiction over Defendants, as the Bryants are domiciled in Washington and Bremmer Construction, Inc. has its principal place of business in Washington. *Id.*, ¶¶2-3. Further, venue is proper under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), as all Defendants reside or have their principal place of business within this district and this case concerns a motor vehicle accident which occurred within this district. *Id.*, ¶¶ 2-3, 9.

//

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT * 5

## B.    Procedural Requirements

The process for obtaining a default judgment is set forth in FRCP 55(b) and LCivR 55(b). The Court is satisfied that Plaintiff has complied with these procedural requirements. In particular, the Court notes that Plaintiff's counsel previously submitted a declaration on March 10, 2026, that complies with the requirements of LCivR 55(b)(1)(A)-(B). ECF No. 10.

## C.    Substantive Requirements

As stated above, the Court considers the seven *Eitel* factors in exercising its discretion to enter a default judgment. 782 F.2d at 1471-72.

### 1.    *Possibility of Prejudice*

Under the first *Eitel* factor, "prejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and quotation marks omitted). Progressive filed its initial complaint on September 18, 2025. ECF No. 1. Defendants have had ample opportunity to respond or otherwise participate in the litigation. Under these circumstances, Progressive will be prejudiced if it is not permitted to proceed against Defendants by way of default judgment. The first *Eitel* factor weighs in favor of default judgment.

### 2.    *Merit of Claims and Sufficiency of the Complaint*

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT * 6

The second and third factors are often weighed together, see *Curtis*, 33 F. Supp. 3d at 1211, and favor a default judgment when the "allegations in the complaint are sufficient to state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Progressive has alleged specific and detailed facts in its Complaint that support the entry of a declaration in its favor. The second and third *Eitel* factors weigh in favor of default judgment.

3.    *The Sum of Money at Stake*

The fourth *Eitel* factor, the sum of money at stake, generally does not weigh against default judgment where a plaintiff requests only declaratory relief. *See, e.g.*, *PepsiCo, Inc.*, 238 F.Supp.2d 1172, 1176-77 (C.D. Cal. 2002). While the Court's issuance of a declaration that Progressive has no duty to indemnify or defend is likely to have financial repercussions for Defendants, it is unclear from the record whether the underlying state court lawsuit is ongoing, or the specific amount in controversy. Therefore, this factor does not weigh for or against default judgment.

4.    *Possibility of a Dispute Concerning Material Facts*

Where no dispute has been raised, the likelihood that any such dispute exists is remote. *See Brow Room v. Med. Laser Experts, LLC*, 2021 WL 5830023, at *2 (E.D. Wash. Dec. 8, 2021). There is no information before the Court that supports

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT * 7

the possibility of a dispute concerning the terms of the Policy or whether coverage exists. This factor weighs in favor of default judgment.

5. *Excusable Neglect*

"Generally, courts do not find excusable neglect when defendants were properly served with the complaint." *BMO Bank N.A. v. Raiden, LLC*, 2023 WL 8934854, at *2 (W.D. Wash. Dec. 27, 2023) (citation omitted). Defendants were served with the Complaint in November 2025. ECF Nos. 4, 5. Defendants have not appeared in this lawsuit, opposed the motion, or sought vacatur of the default. There is no indication that Defendants' default is due to excusable neglect. Accordingly, this factor weighs in favor of default judgment.

6. *Policy Consideration*

Last, the general rule is that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (*citing Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). While this factor inherently weighs against default judgment, "the mere existence of" FRCP 55(b) "indicates that this *Eitel* factor is not alone dispositive." *Curtis*, 33 F. Supp. 3d at 1213 (quoting *Microsoft Corp. v. Lopez*, 2009 WL 959219, at 3 (W.D. Wash. Apr. 7, 2009)) (quotation marks and alteration omitted). "[W]here a defendant's failure to appear 'makes a decision on the merits impracticable, if not impossible,' entry of default judgment is nonetheless warranted." *Elec. Frontier Found. v. Global*

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT * 8

*Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 948 (N.D. Cal. 2017) (quoting *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)). Defendants' failure to participate in this litigation has made a decision on the merits impossible. The final *Eitel* factor weighs in favor of default judgment.

In sum, the *Eitel* factors weigh in favor of granting default judgment.

**Accordingly, IT IS ORDERED:**

1.      The Motion for Entry of Default Judgment, **ECF No. 9,** is **GRANTED**.

2.      Progressive has no contractual duty to defend or indemnify Bremmer Construction, John Bryant, and/or Jeannie Bryant with respect to the underlying Washington lawsuit.

**IT IS SO ORDERED.** The Clerk of Court is directed to file this order and **CLOSE** the file.

DATED May 13, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT * 9